**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA A., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Civil Action No. 23-2484 (MAS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

    This matter comes before the Court upon Plaintiff Maria A.'s ("Plaintiff")[1] appeal of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her request for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). (ECF No. 1.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons below, the Court remands the matter to the Administrative Law Judge ("ALJ") for further proceedings.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

I.   **BACKGROUND**

In this appeal, the Court must consider whether the ALJ's finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and the ALJ's decision.

A.   **Procedural History**

On June 6, 2019, Plaintiff filed an application for DIB and SSI alleging disability beginning July 1, 2016. (AR 19, ECF No. 3.) Plaintiff's claim was denied both initially and on reconsideration. (*Id.*) Thereafter, Plaintiff submitted a written request for a hearing before an ALJ. (*Id.*)

On November 19, 2020, the ALJ held a telephone hearing with the parties and an impartial vocational expert. (*See id.* at 35-67.) During the hearing, Plaintiff amended her alleged onset date to June 6, 2018. (*Id.* at 19; Pl.'s Moving Br. 3, ECF No. 6.) On September 29, 2021, the ALJ issued a decision denying Plaintiff's DIB and SSI application, finding that Plaintiff was not disabled under the Act. (AR 16-34.) Plaintiff appealed the decision. (*See id.* at 7-11.)

On March 2, 2023, the Social Security Administration's Appeals Council affirmed the ALJ's decision. (*Id.* at 1-6.) On May 5, 2023, Plaintiff filed an appeal to this Court. (*See generally* Compl. 1, ECF No. 1.)

B.   **The ALJ's Decision**

In his September 29, 2021 written decision, the ALJ concluded that Plaintiff was not disabled under the prevailing administrative regulations. (AR 29.) The ALJ set forth the Social Security Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 20-21.) At step one, the ALJ found that Plaintiff "has not engaged in substantial gainful activity" since June 6, 2018, the alleged onset date. (*Id.* at 22.)

2

At step two, the ALJ determined that Plaintiff has several severe impairments: degenerative disc disease in the lumbar spine and bursitis in both hips. (*Id.*) The ALJ found Plaintiff's HIV, hepatitis C infections,[2] and hypertension to be non-severe. (*Id.*) Specifically, the ALJ found that there was "no indication that [Plaintiff's] hepatitis C infection has produced any symptoms nor has she been treated for the condition," and that "[Plaintiff's] HIV has been described as asymptomatic." (*Id.*) The ALJ also noted that Plaintiff was treated for tuberculosis, and that "her viral load was under good control." (*Id.*) Finally, the ALJ found Plaintiff's anxiety, depression, post-traumatic stress disorder ("PTSD"), and substance use disorders to be non-severe impairments. (*Id.* at 23.)

Despite Plaintiff's several severe impairments, the ALJ determined at Step Three that Plaintiff's impairments did not meet or medically equate to one of the listed impairments in 20 C.F.R. §§ 404.1501 to 404.1599, app. 1. (*Id.* at 25.) The ALJ "considered all symptoms and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence" to determine that Plaintiff possessed the residual functional capacity ("RFC")[3] to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (*Id.* at 25.)

At step four, the ALJ found that Plaintiff can perform her past relevant work, which does not require the performance of work-related activities precluded by Plaintiff's RFC. (*Id.* at 28.) At

---

[2] The ALJ considered that in October 2020, Dr. Pascal Gedeon indicated that Plaintiff needed treatment for hepatitis C and had fatigue, weakness, and deficiencies in concentration due to HIV and hepatitis C; the ALJ, however, found that such complaints were "not corroborated by the treatment records." (*Id.* at 22.)

[3] RFC is defined as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. §§ 404.1545(a), 416.945; *see Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (citing *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)). Determination of a claimant's RFC is the exclusive responsibility of the ALJ. 20 C.F.R. §§ 404.1527(e), 404.1546(c), 416.927(e)(2), 416.946(c).

step five, the ALJ found that Plaintiff was not under a disability, as defined in the Social Security Act, since June 6, 2018 (the amended alleged onset date) until the date of the decision for the purposes of Plaintiff's DIB and SSI claim. (*Id.* at 29.)

## II.   LEGAL STANDARD

### A.   Standard of Review

On appeal from the final decision of the Commissioner, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by "substantial evidence." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In reviewing the record for substantial evidence, the Court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation omitted). Even if the Court would have decided differently, it is bound by the ALJ's decision if it is "supported by substantial evidence." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citation omitted). The Court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted).

Even amid this deferential standard, the Third Circuit has explained that the court's review must be a qualitative exercise requiring a thorough examination of the ALJ's decision and the record:

> [The substantial evidence standard] is not . . . a talismanic or self-executing formula for adjudication; rather, our decisions make clear that determination of the existence *vel non* of substantial evidence is not merely a quantitative exercise. A single piece of evidence will not satisfy the substantiality test if the Secretary [of Health and Human Services] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion. The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham.

*Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) (citation omitted). It is, thus, necessary for ALJs to analyze all probative evidence and set out the reasons for their decisions. *Burnett*, 220 F.3d at 121. If the ALJ has not analyzed all probative evidence and has not sufficiently explained the weight given to the evidence, the decision is not supported by substantial evidence. *See Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) ("[T]o say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.") (citation omitted). The ALJ must state both the evidence considered as well as the evidence rejected. *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) ("Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." (internal citation omitted)).

B.  **Establishing Eligibility for DIB and SSI**

To be eligible for DIB or SSI under the Act, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [she is] not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(B). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3), 1382c(a)(3)(D).

Administrative regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520. For the first step, the claimant must establish that she has not engaged in any substantial gainful activity since the onset of her alleged disabilities. *Id.* § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). The third step requires that the claimant provide evidence that her impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed to be disabled and entitled to DIB and SSI benefits. *Id.*; 20 C.F.R. § 404.1520(d). If she cannot so demonstrate, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(e).

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 C.F.R. §§ 416.920(e), 404.1520(a)(4)(iv). In doing so, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); SSR 96-8p, 61 Fed. Reg. 34474 (Jul. 2, 1996). Then, at step four, the ALJ determines whether the claimant's RFC permits her to resume previous employment. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant's RFC permits other employment, the claimant is not "disabled" and thus not entitled to DIB and SSI benefits. *Id.*; 20 C.F.R. § 404.1520(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(f). Importantly, the burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with her medical impairments, age, education, past work experience, and RFC. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560. If the Commissioner cannot satisfy this burden, the claimant will receive DIB and SSI benefits. *Id.* § 404.1520(g).

### III. <u>DISCUSSION</u>

Plaintiff appeals the ALJ's decision and raises two main arguments. First, Plaintiff contends that, at Step Two, the ALJ erred in finding Plaintiff's multiple mental impairments non-severe. (Pl.'s Moving Br. 13-18.) Second, Plaintiff alleges the ALJ failed to include and consider the non-severe impairment limitations in Plaintiff's RFC. (*Id.* at 18-20.) The Court begins with Plaintiff's first argument.

### A.  Whether the ALJ Erred in Finding Plaintiff's Mental Impairments Non-Severe

First, Plaintiff asserts that the ALJ used his "own subjective conclusions without substantial evidence" to find that Plaintiff's anxiety, depression, and PTSD are non-severe impairments at Step Two. (*Id.* at 14.)

In determining whether a mental impairment is severe, the court must assess a plaintiff's limitations in four functional areas: (1) understanding, remembering or applying information; (2) interacting with others; (3) concentrating, persisting or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(a). If the ALJ rates the degrees of a plaintiff's limitation as "none" or "mild," the ALJ will generally conclude that the plaintiff's impairment is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in the plaintiff's ability to do basic work activities. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1). Importantly, "the key question when reviewing the ALJ's Step [Two] determination is not whether [a plaintiff's] impairments were in fact severe, but, rather, whether substantial evidence supports the ALJ's finding that those impairments were not severe." *Golubosky v. Comm'r of Soc. Sec.*, No. 13-196, 2014 WL 3943029, at *3 (W.D. Pa. Aug. 12, 2014). The burden of persuasion remains with the plaintiff in establishing that an impairment is severe. *Malloy*, 306 F. App'x at 763.

Here, the ALJ determined that based on the record, Plaintiff has: (1) only mild limitation in understanding, remembering, or applying information; (2) no limitation in interacting with others; (3) mild limitation in concentrating, persisting, or maintaining pace; and (4) no limitation in adapting or managing oneself. (AR 24-25.) In sum, the ALJ concluded that "because [Plaintiff's] medically determinable mental impairments cause no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal

8

limitation in [Plaintiff's] ability to do basic work activities, they are non[-]severe." (*Id.* at 25) (emphasis omitted).

Upon review, the Court finds that the ALJ relied upon substantial evidence in finding that Plaintiff's mental impairments—specifically, anxiety, depression, and PTSD—are non-severe, as "supported by the treatment records and consultative examination."[4] (*Id.* at 23.) The ALJ considered the record from the onset date of June 6, 2018, which "shows that [Plaintiff] was treated at Ocean Mental Health Services from June 2018 to March 2019[,]" in part for major depressive disorder, PTSD, and anxiety. (*Id.*) The ALJ noted, however, that by August 2018, Plaintiff "stated that the medications were helping and that she was doing better."[5] (*Id.*) The ALJ also considered that in November 2018, Plaintiff "stated that she was pretty good, and [that] her mental status examination was unremarkable." (*Id.*) Separately, the ALJ reviewed Plaintiff's treatment notes, which stated that Plaintiff "continued to do well"—for example, they indicate that by March 2019, Plaintiff's "mental status examination was again unremarkable, and she was . . . in a calmer state of mind." (*Id.*) Finally, the ALJ noted that Plaintiff "has not been treated" at Ocean Mental Health Services since March 2019. (*Id.*)

---

[4] The ALJ acknowledged Plaintiff's testimony that "she had anxiety and depression and difficulty concentrating and staying focused on a task[,] and that she had no energy and found it difficult to do required duties." (AR 23.) The ALJ also recognized that Plaintiff "testified that she had a history of domestic violence and was residing in [a] women's shelter for domestic violence victims." (*Id.*) Nevertheless, the ALJ found that the records "indicated that once treatment was underway" Plaintiff's conditions "significantly improved." (*Id.*)

[5] The ALJ considered Plaintiff's report that "her anxiety was much better, and she was less depressed . . . ." (*Id.*) The ALJ also considered Plaintiff's statement "that her sleep was great and that her depression was significantly better[.]" (*Id.*)

The ALJ further assessed treatment records which "indicated that in July, August, September, and December 2019, [Plaintiff's] PHQ-9 scores[6] reflected only mild depression." (*Id.*) Further, the ALJ reviewed Plaintiff's results from a consultative examination in December 2019, which was again "unremarkable except for slouched posture." (*Id.*) The ALJ considered that Plaintiff herself reported having "a good support system but that she had difficulty focusing and concentrating"; the ALJ, however, weighed other evidence and noted that the "allegation was not apparent during the examination" because Plaintiff "could spell forward and backwards, complete serial sevens with 1/5 errors, and recall items immediately and after delay." (*Id.*) In May 2020, Plaintiff reported "that her anxiety and depression had improved" and she resumed treatment for depression, anxiety, and PTSD. (*Id.* at 24.) The ALJ cited that by August 2020, Plaintiff reported she "fe[lt] less anxiety and [that] there was little to no variation in the treatment notes as to her signs or complaints." (*Id.*) Moreover, the ALJ noted that "treatment records . . . indicated that in February and June 2020, [Plaintiff] denied depression and anxiety." (*Id.*)

In sum, the ALJ concluded that Plaintiff has non-severe mental impairments based on substantial evidence in the record showing that: (1) Plaintiff's symptoms "significantly improved after beginning treatment in June 2018"; (2) Plaintiff had mild PHQ-9 ratings; (3) Plaintiff has "more than mild mental limitations"; and (4) Plaintiff was employed as a part-time housekeeper and enrolled in college part-time during this period. (*Id.*) Accordingly, the ALJ found that Plaintiff's "medically determinable mental impairments of anxiety, depression, . . . and PTSD,

---

[6] "The PHQ-9 is a depression screening test that is scored on a scale of 0 to 27." *Chalfant v. Comm'r of Soc. Sec.*, No. 20-1719, 2022 WL 838118, at *6 n.3 (M.D. Pa. Mar. 21, 2022) (citing Kurt Kroenke et al., *The PHQ-9: Validity of a Brief Depression Severity Measure*, 16 J. GEN. INTERNAL MED. 606, 607 (2001)). "A score of 0-4 is classified as no depression; 5-9, mild depression; 10-14, moderate depression; 15-19, moderately severe depression; and 20-27, severe depression." *Id.* (citing Kroenke, et al., *supra* note 6, at 608).

considered singly and in combination, do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and are therefore non[-]severe." (*Id.*)

To the extent Plaintiff argues that the ALJ made such findings despite contrary evidence in the record (Pl.'s Moving Br. 14-18), the argument is unconvincing. "Even if the record could support a contrary conclusion, the decision of the ALJ will not be overruled as long as there is substantial evidence to support it." *Gunn v. Kijakazi*, No. 22-995, 2023 WL 8436054, at *4 (E.D. Pa. Dec. 5, 2023) (citing *Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986)). It follows that remand is not warranted simply because Plaintiff "points to evidence that might have supported a contrary conclusion by the ALJ . . . ." *Id.* at *7. Here, the Court finds that the ALJ's conclusion is supported by substantial evidence because the ALJ sufficiently considered evidence in the record and adequately provided reasoning for why he found certain evidence more persuasive than other evidence.[7] Further, while the ALJ "must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence[,]" *Burnett*, 220 F.3d at 121, "[t]here is no requirement

---

[7] For example, Plaintiff argues that the ALJ failed to consider evidence, including that: (1) Dr. Mohammad Rizwan opined that Plaintiff was capable of performing only unskilled work, at most (Pl.'s Moving Br. 16 (citing AR 100)), and (2) Dr. Victoria Miller diagnosed Plaintiff with adjustment disorder with mixed anxiety and depression (*Id.* (citing AR 435)). Yet, the ALJ considered Dr. Rizwan's report, which also found that Plaintiff has "only mild limitations in the B1 and B3 criteria and no limitations in the B2 and B4 criteria" (AR 24), and referred to Dr. Rizwan's report to make findings for each of the four functional areas to determine whether Plaintiff's mental impairments are severe (*Id.* at 24-25). Moreover, the ALJ considered Dr. Miller's consultative examination, but found it unpersuasive because although "Dr. Miller . . . diagnosed an adjustment disorder with mixed anxiety and depressed mood, [Dr. Miller] did not assess [Plaintiff's] mental capacity." (*Id.* at 23.)

that the ALJ discuss in his opinion every tidbit of evidence included in the record."[8] *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004).

Accordingly, this Court finds that substantial evidence supports the ALJ's findings that Plaintiff's mental impairments are non-severe.

### B. Whether the ALJ Erred in Excluding Non-Severe Impairments in RFC Determination

Second, Plaintiff argues that even if the ALJ's findings as to the severeness of Plaintiff's mental health are not erroneous, the Court should remand the ALJ's decision because the ALJ failed to include non-severe impairments in Plaintiff's RFC determination. (Pl.'s Moving Br. 18-19.) Plaintiff argues that the ALJ erred by finding Plaintiff's RFC to be limited to only light work without taking into consideration all impairments. (*Id.* at 19.) As such, Plaintiff avers that but for the ALJ's error, Plaintiff would have been found disabled. (*Id.* at 19-20.)

The Third Circuit makes clear that the ALJ must consider all relevant evidence when determining an individual's RFC. *Fargnoli*, 247 F.3d at 41 (citing 20 C.F.R. §§ 404.1527(e)(2), 404.1545(a), 404.1546). Accordingly, courts have "consistently held that even mild limitations in the relevant domains of mental functioning must be included in an RFC assessment and hypothetical question posed to the [vocational expert] that the ALJ relies upon." *Gunn*, 2023 WL 8436054, at *10-11 (citing cases). Importantly, it is insufficient for the ALJ to state that he "considered 'all symptoms' and ma[k]e passing reference to the medical evidence regarding

---

[8] The Court acknowledges Plaintiff's argument that the ALJ did not properly consider "how improvement in mental health symptoms must be treated" and instead "relie[d] heavily on periods of improvement as a basis for finding . . . Plaintiff's mental health impairments non-severe." (Pl.'s Moving Br. 17-18.) The Court cannot agree—the ALJ is not required to discuss "every tidbit of evidence," *Hur*, 94 F. App'x at 133, and further, the ALJ did in fact consider Plaintiff's records throughout the relevant period from June 2018 (the alleged onset date) until June 2020. *See supra*, pp. 8-10; *see also Hernandez v. Comm'r of Soc. Sec.*, 89 F. App'x 771, 773-74 (3d Cir. 2004) ("The Commissioner need not undertake an exhaustive discussion of all the evidence.") (citation omitted).

mental health" if the ALJ did not "specifically consider or address the impact of [a p]laintiff's mental impairments on her ability to work . . . ." *Curry v. Comm'r of Soc. Sec.*, No. 15-7515, 2017 WL 825196, at *5 (D.N.J. Mar. 2, 2017) (remanding the case because "[a]fter determining that [the plaintiff]'s mental impairments were not 'severe' at step two, the ALJ did not mention [the plaintiff]'s mental impairments for the remainder of her [RFC] assessment . . . ." (internal citation omitted)). This is because "simply having non-severe, mild mental limitations does not necessarily indicate that [a plaintiff] could perform her past relevant work at the calculated RFC." *Balla v. Comm'r of Soc. Sec.*, No. 18-386, 2019 WL 2482661, at *3 (D.N.J. June 14, 2019) (remanding the case because the ALJ only made "passing reference to [the plaintiff's] mild mental limitations" and "fail[ed] to clearly explain the 'impact of [p]laintiff's mental impairments on her ability' to complete the relevant work.").

Applying this standard to the present record, the Court finds that the ALJ failed to sufficiently consider and discuss Plaintiff's non-severe mental impairments in making Plaintiff's RFC finding. Indeed, in the final paragraph of the ALJ's analysis at Step Two, the ALJ stated that "the [ALJ] . . . considered all of [Plaintiff's] medically determinable impairments, including those that are not severe, when assessing [Plaintiff's] [RFC]." (AR 25.) Other than generally stating that the ALJ "has fully considered the medical opinions and prior administrative medical findings," the only reference to any mental impairments in the ALJ's RFC determination is the ALJ's finding that Dr. Gedeon's opinion—stating that Plaintiff has depression, anxiety, pain, and other issues—is unpersuasive because the records do not document fatigue or weakness. (*Id.* at 27-28.) Otherwise, the ALJ's RFC finding is devoid of any acknowledgment or consideration of Plaintiff's mental impairments. (*See id.*) As explained by courts in this district, such "passing reference" to

13

Plaintiff's mental limitations, even if found mild and non-severe, is insufficient when determining a plaintiff's RFC. *See Balla*, 2019 WL 2482661, at *3; *Curry*, 2017 WL 825196, at *4-6.

Ultimately, "[o]n remand, the ALJ may determine that Plaintiff's mild mental limitations warrant only '*de minimis*' or even no corresponding restrictions in the RFC, but it is not the province of the Court to make that determination here." *Gunn*, 2023 WL 8436054, at *12 (citing *Balla*, 2019 WL 2482661, at *3; *Curry*, 2017 WL 825196, at *4-6); *see also Curry*, 2017 WL 825196, at *6 ("The Court cannot weigh the evidence or substitute its conclusions for those of the ALJ, or independently determine the impact of Plaintiff's mental impairments in combination with her physical impairments on her RFC. Without the ALJ performing that analysis, the Court also cannot determine whether the ALJ's decision is supported by substantial evidence.")

Accordingly, "[t]he Court remands this case for the ALJ to consider how, if at all, Plaintiff's mental limitations impact her RFC and ability to work." *Balla*, 2019 WL 2482661, at *3.

## IV. CONCLUSION

For the reasons set forth above, the Court remands this matter for further proceedings consistent with this Memorandum Opinion. An appropriate Order accompanies this Memorandum Opinion.

*[signature]*

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE